**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Rafael D.C.,

Petitioner,

v.

Todd Blanche, *Attorney General*; Markwayne Mullin, *Secretary of Homeland Security*; David Venturella, *Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement*; Marcos Charles, *Acting Executive Associate Director for Enforcement and Removal Operations*; David Easterwood, *Field Office Director for Enforcement and Removal Operations*; Eric Tollefson, *Warden of Kandiyohi County Jail*; U.S. Immigration and Customs Enforcement; and U.S. Department of Homeland Security,

Respondents.

Civ. No. 26-3862 (JWB/DLM)

**ORDER MODIFYING TEMPORARY RESTRAINING ORDER**

---

Petitioner is presently detained by United States Immigration and Customs Enforcement ("ICE"). An existing temporary restraining order prohibits Respondents from removing Petitioner from Minnesota while this habeas proceeding remains pending. Respondents now seek limited relief from that restriction because Petitioner requires a medical procedure that ICE proposes to provide outside Minnesota. Petitioner opposes any modification of the temporary restraining order and asks that Respondents be required to keep him in Minnesota.

The request presents a narrower issue than the parties' dispute over Petitioner's detention. The present question is not whether Petitioner may remain in ICE custody; for purposes of this request, he may. Nor is the question whether Respondents must provide Petitioner medically necessary care. A person held in government custody remains constitutionally entitled to adequate medical treatment. The question instead is whether the temporary restraining order entitles Petitioner to remain physically in Minnesota when Respondents seek a temporary interstate transfer for the purpose of obtaining medical treatment.

It does not. The restriction against transfer was imposed as interim relief in this habeas proceeding. Such relief serves to preserve meaningful habeas review, prevent governmental action from frustrating the proceeding, and protect the ability to grant effective relief while the legality of detention is adjudicated. *See* 28 U.S.C. § 2241; *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). But the restriction does not itself create a substantive entitlement to confinement in a particular state, detention facility, or medical institution.

That distinction matters here. A federal court certainly can determine whether immigration detention complies with federal law and the Constitution. *See Zadvydas*, 533 U.S. at 687–88. That authority may include intervention where conditions of confinement themselves violate constitutional requirements. But while the lawfulness of Petitioner's detention remains contested, day-to-day decisions concerning placement, transportation, institutional administration, and medically appropriate treatment ordinarily remain with

the responsible custodial officials, subject to constitutional limitations. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).

Nor does a temporary transfer outside Minnesota necessarily threaten this Court's habeas jurisdiction. Jurisdiction properly acquired over a habeas petition is not ordinarily defeated merely because the petitioner is later transferred elsewhere while the case remains pending. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Thus, if the proposed transfer is genuinely temporary and undertaken to obtain necessary medical care, the jurisdictional concern that ordinarily supports a no-transfer order is appreciably reduced.

Petitioner nevertheless objects to leaving Minnesota and asks that the existing restriction remain controlling. That position would extend the temporary restraining order beyond the purpose for which it was entered. The constitutional obligation imposed upon Respondents is to provide constitutionally adequate medical care. It does not ordinarily give a detainee the right to select the state, facility, hospital, or provider through which medically appropriate care will be delivered. The posture of this issue would be different with evidence that a proposed transfer itself poses a substantial medical danger, where necessary medical care is being withheld, or where a purported medical transfer is being used as a pretext to interfere with access to counsel or frustrate judicial review. But no such showing has been made on the present record.

The circumstances therefore warrant a limited modification of the temporary restraining order. This Court retains authority to modify prospective injunctive relief when changed circumstances demonstrate that the original terms should be adjusted. *See*

*Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647–48 (1961). Petitioner's need for medical treatment, coupled with Respondents' representation that the identified treatment will be provided outside Minnesota, presents such a circumstance.

The modification here is narrow. It does not authorize Respondents to transfer Petitioner for reasons unrelated to the identified medical care. It does not permit removal from the United States. It does not alter the legality or terms of Petitioner's detention. And it does not authorize any medical procedure to which Petitioner has not otherwise lawfully consented.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondents' Motion to Dissolve Temporary Restraining Order (Doc No. 10) is **DENIED**. However, Respondents' request for limited relief from the temporary restraining order is **GRANTED**.

2. Respondents may temporarily transfer Petitioner outside Minnesota solely for the purpose of obtaining the identified medical evaluation, procedure, treatment, and any medically necessary follow-up care associated with that treatment.

3. Before transfer, Respondents shall file a declaration identifying the facility to which Petitioner will be transferred, the general medical purpose of the transfer, and whether the transfer is expected to be temporary. The declaration need not disclose confidential medical detail beyond that reasonably necessary to establish the purpose and anticipated scope of the transfer.

4. This limited modification does not authorize removal of Petitioner from the

United States, transfer for any purpose unrelated to the identified medical care, or action intended to interfere with Petitioner's access to counsel or frustrate adjudication of this habeas proceeding.

5. Nothing in this Order authorizes Respondents to administer any medical procedure over Petitioner's objection or resolves any dispute concerning Petitioner's consent to treatment.

6. Respondents shall return Petitioner to Minnesota when the authorized medical treatment and any medically necessary out-of-state follow-up care have been completed and it is medically appropriate for Petitioner's return.

7. Except as expressly modified by this Order, the temporary restraining order remains in full force and effect.

Date: September 23, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge